KAZDAN v. STEIN, et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7399. Decided May 30, 1927.

647. INSURANCE—Where policy, insuring owner of automobile, provides that express or implied consent must be given by owner for certain uses of said automobile, it must be shown that owner gave driver such consent before person struck can recover against the insurance company.

Error to Common Pleas. Judgment affirmed.

First Publication of this Opinion

**SULLIVAN, PJ.**

Max Kazdan was injured by being struck by an automobile driven by Garry Stein. The vehicle was insured by a policy with the Aetna Life Insurance Co. In another case, against Stein and his employer Gordon, Gordon was dismissed and a judgment of $10,000.00 was rendered against Stein, no part of which has been collected.

Suit was commenced in the Cuyahoga Common Pleas making the Insurance Co. party defendant, and the court directed a verdict in favor of the company. The foundation for the action is a clause in the provisions of the policy, as follows:

"Subject otherwise to all provisions of the policy, it is agreed that while any automobile covered under clauses 4 and 5 of the policy is being used with the express or implied consent of the assured ————— any insurance granted ————— shall, in addition to the named assured, inure to the benefit of any person riding in said automobile as well as to the benefit of any person, firm or corporation, responsible for the operation of said automobile.".

The specific question which is determinative of the question of error raised is whether in the record, there is a scintilla of evidence showing that the automobile was being used at the time of the accident with the express or implied consent of the assured, to wit:— the employer, Gordon.

The only question is whether from the record, there appears an implied consent. It is urged that inasmuch as the record shows a continuous use on part of the driver Stein of the automobile, that its import signifies an implication of consent on part of Gordon, the owner.

Whether a consent is expressed or implied, depends upon the conduct of the party whose consent must be had. Whatever may be the fact or circumstance, there must be a connection made with the conduct of the party whose consent, either express or implied, is necessary, in order to recover.

The implied consent necessary under the terms of the policy must arise by way of inference or deduction from the acts and conduct of not only one, but both of the parties; and in the instant record there is no evidence of such legal status to be found. On the contrary, the use of the car for uses other than those named in the policy, was not known in any way to Gordon, so that the lower court was compelled to sustain the motion to direct a verdict.

Judgment affirmed.

(Vickery and Levine, JJ., concur).

Attorneys—Payer, Minshall, Karch & Kerr for Kazdan; Dustin, McKeehan, Merrick, Arter & Stewart for Company; all of Cleveland.