Robinson, J.
 

 Plaintiff, Mas Kazdan, was struck and injured by Gordon’s car, driven at the time by.
 
 *218
 
 Stein for Ms own personal purpose. Plaintiff sued Gordon and Stein. He failed to prove the agency of Stein and dismissed Gordon from the action. He recovered a judgment against Stein, which judgment is unsatisfied.
 

 Plaintiff brought this action against Stein and the HDtna Life Insurance Company, upon a liability policy issued by the HOtna Life Insurance Company to Gordon, covering the automobile which was bping operated by Stein on the occasion of the injury to plaintiff. The'policy contained the following provision :
 

 “Subject otherwise to all provisions of the policy, it is agreed that — while any automobile covered under clauses 4 and/or 5 of the policy is being used with the express or implied consent of the named assured * * * any insurance granted * * * shall, in addition to the named assured, inure to the benefit of any person riding in said automobile as well as to the benefit of any person, firm, or corporation responsible for the operation of said automobile.”
 

 The issue at the trial was whether the automobile was being driven, at the time of the injury to the plaintiff, with the “express or implied consent” of Gordon.
 

 Gordon and Stein, called by the plaintiff, were the only witnesses at the trial whose testimony related to that issue, and their testimony constituted all the evidence upon that subject. They testified that Gordon was a jobber; that Stein was a salesman for Gordon; that Gordon owned the car and furnished it to Stein for his use as such salesman; that the car was at all times under Stein’s exclusive
 
 *219
 
 charge and control; that Stein’s business as a salesman required him to make trips to various places in and out' of the state, sometimes of a week’s duration; that Gordon had1 instructed Stein not to use the car after business hours; that Gordon did not consent to Stein using the car or know that he was using the car on the occasion of the injury to plaintiff.
 

 Stein testified that he had, on occasions, used it after business hours for personal purposes unconnected with Gordon’s business; that, as far as he knew, Gordon did not know that he had so used the car.
 

 Gordon testified that he authorized Stein to use the car from 9 a. m. to 5:30 p. m.; denied all knowledge that Stein had ever used the car for his own personal use; and denied that he had ever consented to Stein so using it.
 

 The injury to plaintiff occurred about 9:30 p. m., while Stein was.driving the car for his own personal purposes.
 

 At the close of plaintiff’s case the trial court directed a verdict for the defendants, for the reason that there was no evidence tending to prove that Stein, on the occasion of the injury to plaintiff, was using the car with Gordon’s express or implied consent. The Court of Appeals affirmed the judgment of the trial court.
 

 There were certain discrepancies in the testimony of Gordon and Stein, from which it is argued that their evidence was manifestly false; and then it is argued that since their evidence was manifestly false it gave rise to an inference that the truth was the opposite of that to which they had testified; that
 
 *220
 
 is, that they having testified that no consent was given, and that nothing had occurred from which it might be implied, and having discredited their own testimony by inconsistent statements by them made, their evidence, therefore, not only did not tend to prove lack of consent, but, because it was unworthy of belief, tended to prove consent, either express or implied; that, because the jury might be warranted in disbelieving all that these two witnesses testified to, it might therefore indulge an inference that if the witnesses had testified to the truth their evidence would have shown consent, express or implied, and, therefore, the case should have been submitted to the jury to give it that opportunity.
 

 The probative value of evidence diminishes in proportion to the degree it is discredited or discredits itself, but when its probative value has been diminished to the vanishing point, that is, to the point where the jury may justly wholly disregard
 

 it, the situation is then as it would have been had such evidence not been offered. No degree to which such evidence may be discredited* which does not in itself, independent of its relationship to such evidence, amount to affirmative proof, can, convert a denial into an affirmance..
 

 At the close of plaintiff’s case the record was such that if the jury believed the evidence plaintiff had introduced it would be required to find affirmatively that no consent had been given and no act had been done from which consent might be implied. It, therefore, would be compelled to return a verdict for the defendants. If, on the other hand, it should wholly disbelieve the evidence introduced by the
 
 *221
 
 plaintiff, it could neither find that consent had been given or implied, nor find that consent had not been, given or implied, and, for the want of any evidence upon the subject, would be compelled to return its verdict for the defendants. In that situation, it was of no consequence whether the evidence of the two witnesses was true or false. If true, it tended to prove the issue against the plaintiff. If false, it tended to prove nothing. In neither event did it tend to prove the affirmative of the issue which was essential to plaintiff’s case. The trial court therefore committed no error in sustaining the motion of the defendants for a directed verdict in their favor.
 

 Judgment affirmed.
 

 Marshall, C. J., Day, Allen, Kinkade, Jones and Matthias, JJ., concur.