(No. 22363.—

Bohumil Soukup *vs.* Anton Halmel *et al.*—(Anton Halmel, Plaintiff in Error, *vs.* The Motor Vehicle Casualty Company, Defendant in Error.)

*Opinion filed October 17, 1934.*

Emmet F. Byrne, (Roy S. Gaskill, and William L. Kelley, of counsel,) for plaintiff in error.

Eckert & Peterson, (A. R. Peterson, and Owen Rall, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE JONES delivered the opinion of the court:

Bohumil Soukup instituted a suit in the superior court of Cook county against Anton Halmel and James Halmel to recover damages for personal injuries sustained when struck by an automobile belonging to James Halmel and driven by Anton Halmel, his sixteen-year-old son. The court directed a verdict in favor of James Halmel. A verdict for $5000 was returned against Anton Halmel and judgment was entered thereon. The Motor Vehicle Casualty Company, (successor to the Motor Vehicle Underwriters,) insurer under a policy issued to James Halmel covering public liability on account of the use or operation of the automobile, was served as garnishee. Its answer denied liability, for the reason that at the time Soukup was injured Anton Halmel was using and operating the automobile without the permission or consent of his father, the owner, or any adult member of his household, and that the Halmels failed to report the accident to the insurer, as required by the policy. Upon a hearing by the court without a jury, judgment was entered discharging the garnishee. Soukup prosecuted an appeal to the Appellate Court for the First District and the judgment was affirmed. The cause comes to this court by *certiorari* on petition of Anton Halmel, for use of Soukup. Soukup will be referred to as plaintiff and the garnishee as defendant.

The policy provides that in the same manner and under the same conditions, but only to the same extent as available to the named assured, the insurance "shall inure to the benefit of any person or persons while riding in or lawfully operating any of the automobiles described in the schedule of this policy, and to any person, firm or corporation legally responsible for the operation thereof, provided such use or operation is with the permission of the named assured, or, if the named assured is an indi-

vidual, with the permission of an adult member of the assured's household other than a chauffeur or a domestic servant."

The autmobile which struck plaintiff was a Ford coupe. James Halmel, the assured, used two trucks and two automobiles in his business. They were kept in a garage at his home. His son, Anton, lived at home and assisted his father in the business as a helper on one of the trucks but did not receive any salary. He took the Ford coupe from the driveway alongside the house on the evening of the accident. His father testified that Anton was through working; that he got off the truck and instead of going to supper, as he was supposed to do, "he goes away and takes the car and beats it" without asking permission; that the keys were in the car, which was kept in the garage at night with the garage doors locked; that the whole family had access to the garage keys; that once in a while when the other boy was busy or Halmel himself could not go out Anton would deliver a specific order in the coupe; that he was allowed to take it only with permission; that the car was kept for pleasure, except in case of a special call Anton would deliver a package of butter or eggs, and that he had driven the car about six months. The father also testified that he always forbade Anton to use the car unless it was a business purpose upon which he wanted to send him, and that on the particular occasion he did not want him to go.

The principal issue is whether or not at the time of the accident Anton Halmel had permission, under the terms of the policy, to drive the automobile. James Halmel is the only witness who testified on that question. Plaintiff claims that his testimony shows that Anton had implied permission to use the car, and that the Appellate Court incorrectly applied the law to the facts. There being an issue made by the pleadings, a controverted question of fact was involved although there was no conflict in the

testimony. (*American Exchange Nat. Bank* v. *Chicago Nat. Bank,* 131 Ill. 547; *First Nat. Bank* v. *Bank of Whittier,* 221 id. 319.) However, if the finding of the Appellate Court on that issue had presented a question of law rather than a finding of fact the record would not justify a reversal. The testimony is positive that Anton was forbidden to use the car unless for a business purpose when sent by his father, and there is no room to say that he had an implied consent to use it otherwise.

It is urged that the burden of proof was upon defendant to show that Anton Halmel did not have permission to use the car at the time of the accident, and that there is no evidence in the record that he did not have such permission from some adult member of the family other than the assured. Anton was not an adult member of the assured's household. By the terms of the policy he was not covered unless he was using the automobile with permission of the assured or some adult member of his household, other than a chauffeur or domestic servant. The proof of such permission lies at the foundation of plaintiff's right to recover under the policy. Unless and until that fact was proven there was no duty on the part of defendant to establish any defense under the policy. The burden of proof rested upon plaintiff to establish that Anton was covered by the policy. That burden was not shifted by the affirmative allegation in the answer that he was not covered. The denial raised the issue as to whether he was covered, and not whether a liability existed under the policy because of an alleged breach. *Lavine* v. *Indemnity Ins. Co.* 260 N. Y. 399, 183 N. E. 897; *Indemnity Ins. Co.* v. *Jordan,* 158 Va. 834, 164 S. E. 539; *Union Indemnity Co.* v. *Small,* 154 id. 458, 153 S. E. 685.

The "additional assured" clause of the policy is plain and unequivocal in specifying the persons, other than the assured, covered by its terms. There is nothing in the language of the policy justifying an assumption that a minor

member of the assured's household who is above the age at which minors are permitted by statute to drive an automobile would be covered as an "additional assured." It is true that an insurance policy is to be construed most favorably to the insured, but it is equally true that no strained or unwarranted construction is to be adopted which is plainly not within the terms of the instrument.

Since we hold that the proof fails to show that Anton Halmel was covered by the "additional insured" clause of the policy, it is of no concern whether notice to the insurance company was given in apt time or not.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*