**BAILY v WEAVER**

Ohio Appeals, 3rd Dist, Wyandot Co

No 163. Decided Jan 6, 1941

106

Ritter & Dougherty, Toledo, Ohio, for plaintiff-appellant.

Hall & Naus, Upper Sandusky, Ohio, for defendant-appellee.

## OPINION

By GUERNSEY, J.

This is an appeal from a judgment of the Court of Common Pleas of Wyandot County.

The plaintiff Eleanor M. Baily, on March 13, 1937, filed her petition in the Court of Common Pleas of Wyandot County, against Charles Weaver for damages for personal injuries alleged to have been sustained by her on December 24, 1936, caused by negligence of the defendant Weaver in the operation of an automobile driven by him.

The defendant Weaver permitted judgment by default, and a jury assessed plaintiff's damages at $500. Judgment was entered upon this verdict, and execution issued on the judgment was returned unsatisfied.

A supplemental petition was filed in the action against the defendant Weaver and Farm Bureau Mutual Automobile Insurance Company, pursuant to the provisions of §9510-4 GC.

The supplemental petition, omitting caption, signature and oath thereto, is in the words and figures following, to-wit:

"Plaintiff says that the defendant, Farm Bureau Mutual Automobile Insurance Company, is a corporation organized and existing under and by virtue of the laws of Ohio and authorized to do business in the State of Ohio, with offices in the City of Columbus, Franklin County, Ohio.

"Plaintiff further says that prior to December 24, 1936, the exact date thereof being unknown to plaintiff, the defendant, Farm Bureau Mutual Automobile Insurance Company, issued to one Charles D. Forney, Route 3, Forest Ohio, a certain policy of insurance, whereby said Farm Bureau Mutual Automobile Insurance Company agreed to indemnify said Charles D. Forney, and any other person operating a certain automobile of Charles D. Forney, with the consent, express or implied, of said Charles D. Forney from any liability imposed by law for loss by reason of personal injuries suffered by any person or persons through accident incurred while said policy of insurance was in force, and by reason of the ownership, maintenance or use of said automobile; that the original policy of insurance and copies thereof are in the possession and under the exclusive control of Charles D. Forney and the defendant Farm Bureau Mutual Automobile Insurance Company herein; that on December 24, 1936 all provisions and conditions of said insurance policy, were in full force and effect. On or about the 31st day of January, 1938, plaintiff recovered a judgment in this action against defendant Charles Weaver in the sum of five hundred dollars ($500.00) with interest at the rate of six per cent (6%) per annum from 31st day of January, 1938, and costs therein being damages for personal injuries inflicted on plaintiff by the negligence of defendant Charles Weaver, while operating the said automobile of Charles D. Forney with the consent of said Charles D. Forney on said December 24, 1936.

"More than thirty (30) days have elapsed since the rendition of said judgment, and that the same remains wholly unsatisfied, unreversed and unmodified.

"All provisions and conditions of said policy have been complied with; defendant Farm Bureau Mutual Automobile Insurance Company has refused and still refuses to pay said judgment with interest, and costs. There is due this plaintiffff from the defendant,

Farm Bureau Mutual Automobile Insurance Company, the sum of five hundred dollars ($500.00) with interest at six per cent (6%) per annum from the 31st day of January 1938, with costs.

"Wherefore, plaintiff prays judgment against the defendant, Farm Bureau Mutual Automobile Insurance Company, in the sum of five hundred dollars ($500.00) with interest at six per cent (6%) per annum from the 31st day of January, 1938, and her costs aforesaid, and for such further relief, as may be proper and the court can give, and for judgment for the costs of this suit."

The defendant insurance company filed an answer in which it admitted its corporate organization, existence and place of business, as pleaded in the petition; and further admitted that prior to December 24, 1936, it issued to one Charles D. Forney, Route 3, Forest, Ohio, a certain policy of insurance whereby it agreed to indemnify Charles D. Forney and' any other person operating a certain automobile with the consent of the said Charles D. Forney, from any liability imposed by law, for loss by reason of personal injuries suffered by any person or persons through accident incurred while said policy of insurance was in force, provided that the use and operation of said automobile of said Charles D. Forney should come within and under the certain conditions, provisions and terms of said policy of insurance.

The defendant insurance company further admitted that on or about January 31, 1938, plaintiff recovered a judgment in this action against defendant Charles Weaver in the sum of $500 with interest at the rate of 6% per annum from said date, and costs of suit, for alleged personal injuries inflicted on plaintiff by the alleged negligence of the defendant Weaver. but denied that said personal injuries were inflicted upon plaintiff while said Charles Weaver was operating said automobile of Charles D. Forney, with the consent of said Charles D. Forney, on December 24, 1936; and averred that

said Charles Weaver took and operated, for his own purposes, on said date, the said automobile of the said Charles D. Forney without the consent of said Forney and contrary to the express refusal of consent and directions not to use said automobile directly communicated by said Forney to·said Weaver.

The defendant insurance company also admitted that more than thirty days have elapsed since the rendition of said judgment, and that the same remains wholly unsatisfied, unreversed and unmodified.

The other allegations in the answer, both affirmative and negative, are equivalent to a general denial of the averments of the supplemental petition which are not expressly admitted as above set forth.

To this answer the plaintiff filed a reply in which she denied each and every allegation contained in the answer excepting only those which are admissions of allegations contained in plaintiff's supplemental petition.

No pleading was filed on behalf of defendant Charles Weaver.

The admissions and averments in the answer are such that the only controverted issue between the parties was whether the damages sustained by the plaintiff, for which she had recovered judgment against the defendant Weaver, were sustained at a time when the defendant Weaver was operating the automobile of said Charles D. Forney with the consent, express or implied, of said Charles D. Forney, coming within and under the certain conditions, provisions and terms of such policy of insurance.

The cause was submitted to the court and a jury, upon the pleadings mentioned, and at the close of plaintiff's evidence the defendant insurance company moved for a directed verdict in its favor, which motion was granted by the court and judgment entered in favor of defendant insurance company accordingly. It is from this judgment that this appeal is taken.

On the trial of the action the plaintiff called as a witness on her behalf, Charles D. Forney, who was not a

party to the action, whose testimony is as follows:

He resided on a farm three miles from Forest, Ohio, which he owned and where he had lived all his life. He owned an automobile on which he carried a policy of insurance with the Farm Mutual Automobile Insurance Company, upon which he had paid the premiums right along. He did not have the policy of insurance with him.

Counsel for the parties then stipulated that the paper writing then exhibited in court was a true copy of the policy. and such paper writing was then marked Exhibit A and later introduced in evidence and attached to the bill of exceptions.

The policy provided public liability limit for one person of five thousand dollars and public liability limit for one accident of ten thousand dollars for loss arising from the ownership, operation or maintenance of the automobile described therein. The policy, among other terms, contained a further provision as follows:

"The terms and conditions of this policy are so extended as to be available, in the same manner and under the same conditions as they are available to the named assured, to any person or persons while riding in or legally operating the within described automobile, and to any person, firm or corporation legally responsible for the operation thereof, provided such use or operation is with the permission of the named assured, or if named assured is an individual, with the permission of an adult member of the named assured's household other than a chauffeur or domestic servant; except that the terms and conditions of this policy shall not be available to a public automobile garage, automobile service station, and agents and employees thereof. The unqualified term Assured shall include the named assured and all other persons, firms or corporations to which the benefits may be extended, under the herein terms."

The policy contained a further provision that the insurance under it should begin at twelve o'clock noon, standard time, at the place of residence of the named assured on the 23rd day of February, 1933, and is for the initial period of one year and is renewed automatically for each succeeding year provided the premium call installments are paid as therein required.

On cross-examination by defendant's counsel, Forney further testified that on December 24, 1936, he had promised the automobile to Marion, his nephew, and "didn't know what he said—that he didn't need it—he didn't know it, but he didn't know whether Weaver got it or not. He didn't know whether it went out of there or whether it was in the shed." Weaver didn't ask him for the use of the automobile that day or that night. That Weaver had never taken the automobile before without asking for it and that Weaver did not ask him for it on this occasion. Weaver had been chorring around that day and had been drinking. Weaver had always asked him for the use of the car before that. He promised Marion Forney the use of the automobile that night. He had not seen Marion Forney and Marion had not informed him he wasn't going to use the automobile that night. He paid Weaver for working for him. He did not give Weaver permission to use the automobile on December 24, 1936.

Being recalled for further recross-examination by the defendant, he further testified that he told Charles Weaver on the 24th of December, 1936, that he had promised the car to Marion Forney his nephew, and the reason he told him that was that Weaver had asked for the use of the automobile that night and he knew Weaver was not in shape for it, and told Weaver he could not have it and told Marion he could have it.

On further redirect examination by plaintiff, Forney further testified that he thought he testified in the morning that Charles Weaver didn't ask him for the car that day, and in answer to the question "You told him that,

didn't you?", he replied "Well, I don't know whether I did or not. Let's see. I know he asked for it—he wanted to know and I told him he couldn't have it. He wasn't in shape for it." Further in answer to the question "Didn't you tell on the stand this morning Mr. Weaver hadn't asked for the car?" replied "I don't remember whether I did or not and I don't know whether that is true or not."

Plaintiff also called for cross-examination as a witness on her behalf, the defendant Charles Weaver, the material part of whose testimony is as follows:

He is working for Mr. Forney and lives with him and was living with him and working for him on the 24th of December, 1936, and that he is the Charles Weaver who has been sued in this case and was over twenty-one years of age on the 24th day of December, 1936, and was involved in an automobile accident on the date mentioned. He had been working for Mr. Forney for about two years at the time and his duties were to take care of the chores and do anything around the farm that was required to be done, and husking corn and so on. Mr. Forney was quite badly crippled and Weaver drove his car for him. Forney had the car when Weaver first came to work for him. Weaver had been driving it during those two years; when he asked Forney for the car Forney would let him have it or Forney would send him on errands with it. The accident happened about nine o'clock in the evening. He had asked Forney for the car on the day of the accident and Forney told him one of his relatives wanted to use it. Forney's relative intended to use the car. In answer to the question "Is it not a fact that he didn't need the car although he first told he was going to use it?" Weaver replied, "I went to see him to see if he was going to use it. I thought if he would take me to town he could have the car, and he didn't say so I took the car and went on." Weaver did not go back and tell Forney he was going to use it. Weaver was alone in the car. Mr. For-

ney didn't drive at that time but has driven since. Forney told him that he couldn't have the car because someone else wanted to use it. Weaver told other people right after the accident that he had permission to use Forney's car, and after the accident had made a written statement concerning the same, in which he said he had permission to use the car. The written statement made by Weaver was true except that part in which he said he had permission to use the car. That was false. A copy of this written statement was identified by Weaver, was marked plaintiff's Exhibit A and later introduced in evidence. Weaver signed the written statement mentioned. The only untrue statement contained in the written statement is that Forney had given him permission to drive the car. Weaver has driven Forney's car since the accident. His driver's license was not revoked and he has one now. Weaver drives a car when Forney sends him but if Weaver wants to use the car himself he asks Forney for it. If Weaver tells Forney where he is going, Forney sometimes says, "Yes" and sometimes he says "You better not use it." Forney did not know that Weaver had the car the night of the accident. Forney told him he could not have it, that his nephew had spoken for the car. Weaver had been drinking the day of the accident and drank a little whiskey at home. Forney noticed Weaver had been drinking. Weaver wanted to go over to Kirby and celebrate. He wasn't sent by Mr. Forney. Weaver had some beer at Kirby. He had six bottles in the car when the accident happened. Weaver has not at any time prior to or since December 24, 1936, used the car for his own purposes without asking Forney. After the accident Weaver was arrested for driving while intoxicated. He entered a plea of guilty and was fined one hundred dollars and costs. He was in the county jail when he signed the statement. Weaver was not drunk when he went to Kirby but was feeling pretty good, and had some beer over at Kirby. Before he started,

he had two drinks; they were pretty good ones.

Plaintiff also called as a witness on her behalf, a Mr. Frank Heid. Mr. Heid testified generally to the effect that he had intervied Weaver following the accident and Weaver had made an oral statement to him to the effect that he had Forney's permission to use Forney's car at the time of the accident, and had also made a written statement, being the statement above referred to, in which he stated: "I told Mr. Forney that I was going and he said it was okeh."

An examination of the written statement discloses that it does not vary materially from the testimony given by Weaver on the trial of the case with reference to the subject matter, except in the particulars mentioned.

The evidence above mentioned constitutes all the evidence introduced by plaintiff, and at its close, on motion made by the defendant insurance company, as before mentioned, a verdict was directed in its favor.

In determining whether the court erred in directing a verdict in favor of the defendant insurance company, it is essential to keep in mind that under the pleadings the only controverted issue between the parties was whether the damages sustained by the plaintiff for which she had recovered judgment against the defendant Weaver, were sustained at a time when the defendant Weaver was operating the automobile of said Charles D. Forney with the consent, express or implied, of said Charles D. Forney, coming within and under the certain conditions, provisions and terms of the policy of insurance.

It is a fundamental rule that the right of recovery of a plaintiff is measured and limited by the allegations of plaintiff's petition, so that in the instant case in order for the plaintiff to recover on her supplemental petition against the defendant insurance company, the burden was on her to prove that the judgment obtained by her against the defendant Weaver was for damages for personal injuries inflicted on plaintiff by the negligence of the defendant Weaver while operating the automobile of Charles D. Forney with the consent, express or implied, of Charles D. Forney. By so limiting her allegations as to the liability of the defendant insurance company the plaintiff could not, under her supplemental petition, avail herself of any other or further provisions of the insurance policy issued by the defendant insurance company to Forney imposing other or further liability on the defendant insurance company.

In this situation the trial court in its consideration of the motion to direct a verdict was limited to a consideration of the terms of the policy relating to the use or operation of the car with the permission of the Named Assured (Forney), and could not consider the further provisions of the policy imposing liability in case the car was being operated with the permission of an adult member of the Named Assured's household, or the use or operation of the car under any other factual situation coming within the terms of the policy, except as hereinbefore mentioned.

The evidence introduced by the plaintiff tends to prove that the policy of insurance was in full force and effect at the time plaintiff sustained her injuries, so our inquiry will be directed to the question as to whether there is evidence tending to prove the operation of the automobile owned by Forney, by the defendant Weaver at the time the plaintiff sustained her injuries, was with the consent, express or implied, of Forney.

As will be noted from the statement of the evidence introduced by the plaintiff, there is no evidence tending to prove any implied consent on the part of Forney to the use of his automobile by Weaver at the time the plaintiff sustained her injuries, and the testimony of both Forney and Weaver is to the effect that Forney had not

consented or granted permission to Weaver for the use and operation of the automobile by Weaver preceding the time the plaintiff sustained her injuries.

The written statement of the details of the accident made by Weaver, and the testimony of Mr. Heid, were admissible only for the purpose of impeaching the testimony of Weaver and can be considered only for this purpose, and have no tendency to prove that Weaver was using and operating the automobile with the consent of Forney.

There is a presumption that an automobile was in use for the benefit and on account of the owner when an accident occurs, but such presumption remains only so long as there is no substantial evidence to the contrary, and when that is offered, the presumption disappears, and in the absence of further proof there is nothing to justify a finding in accordance with the presumption. Powers v Wilson et, 203 Appellate Div., New York 232; 196 N. Y. S. 600.

Generally, the credibility of a witness who is a party to the action and therefore interested in the result, is for the jury, but this rule is not, however, a rule of universal application. It is subject to an exception of where a party calls a witness he presents him to the jury as worthy of belief as one whose testimony is to be relied on so far as it is not contradicted. Powers v Wilson, 196 N. Y. S. 600, 603.

This exception to the general rule has been applied in cases where the owner of an automobile or the driver of an automobile, or both, have been called as witnesses for the plaintiff, who thus vouch for the credibility of their testimony, and have testified that the automobile was not at the time being used in the business or with the consent of the owner, in which cases the court has held as a matter of law that their testimony was "substantial evidence" that the automobile was not at the time being used in the business or with the consent of the owner, and that the presumption of liability on the part of the owner was overcome. Maher v Benedict, 108 N. Y. S. 228.

Applying these rules to the evidence in the case at bar, the testimony of the owner of the car, Forney, who was not a party to the case but was not a disinterested witness, and who was called as a witness by the plaintiff who thereby vouched for its credibility, was "substantial evidence" that the car was not at the time being used with his consent, overcoming the presumption of liability on the part of the owner.

The testimony of the defendant Weaver, who was called for cross-examination, was to the same effect. The fact that evidence was offered tending to impeach this testimony presented only the question of the credibility of Weaver's testimony and, as above stated, had no tendency to prove the fact of consent which plaintiff had the burden of proving.

As hereinbefore mentioned, the evidence introduced by the plaintiff had no tendency to prove either express or implied consent on the part of Forney, and the presumption that the automobile was in use for the benefit and on account of the owner when plaintiff's injuries were sustained, was overcome by substantial evidence to the contrary of the owner Forney, and this presumption being overcome there was neither evidence nor presumption upon which to base a finding that Weaver was using and operating an automobile with the consent, express or implied, of Forney, which was essential to a recovery by the plaintiff. The court therefore did not err in directing a verdict in favor of the defendant insurance company.

For the reasons mentioned, the judgment will be affirmed at costs of appellant.

CROW, PJ. and KLINGER, J., concur.