# FOX, Plaintiff-Appellant, v CRAWFORD, et, Defendant-Appellee.

Ohio Appeals, Seventh District, Belmont County.

No. 823.   Decided May 23, 1947.

George C. McKelvey, St. Clairsville, for plaintiff-appellant.
Thornburg & Lewis, St. Clairsville, for defendant- appellee.

554

## OPINION

By PHILLIPS, J.

Oscar Hunkler purchased, and is the owner and in possession, and his wife Florence Hunkler is the record owner of an automobile and the insured designated in a liability insurance policy issued thereon by defendant, State Automobile Mutual Insurance Company, which policy of insurance was in full force and effect on July 30, 1945.

There is evidence that the insured car, which was never driven by Florence Hunkler, was a family car but used by Oscar Hunkler in his business almost exclusively and without restriction or understanding between him and his wife as to its use.

On July 30, 1945, Oscar Hunkler, who was in possession of the car, loaned it, without his wife's permission or express authority, to Howard Pack to go for some beer which he expected to help drink, and when he loaned it to Pack admonished him "if you do have to take a drink you get somebody else to drive it. I don't want you to drive when you are drunk". After leaving Oscar Hunkler, Pack, who had no express authority from Florence Hunkler to operate such automobile then or at any other time, picked up David Crawford, who had driven the car on previous occasions when accompanied by Oscar Hunkler, and who then thought he was "a little better driver in a little better condition than Pack, whom he didn't think was safe to handle the car", because "he might have been drunk", and whom he soon persuaded to let him operate such automobile. During the operation thereof by Crawford, without the permission or express authority of Florence Hunkler to operate it then or at any other time, it came into collision with a tractor then being driven by plaintiff, injuring him.

A jury in the court of common pleas returned a verdict for $1,000.00 for plaintiff in his action against defendant David

Crawford to recover damages for personal injuries sustained in that collision, and the trial judge entered judgment on that verdict.

That judgment not having been paid within thirty days after rendition, plaintiff sought to collect such judgment by supplemental petition filed under authority of §9510-4 GC, in the original action between the parties.

Upon trial of the case upon supplemental petition and other pleadings filed therein the parties waived trial by jury and submitted the case to the judge of the court of common pleas, who found for defendant State Automobile Mutual Insurance Company, and subsequently duly entered judgment upon his finding, and it is from that judgment plaintiff appeals to this court on questions of law.

The question presented by plaintiff's appeal for our consideration and determination is whether defendant David Crawford had implied authority from Florence Hunkler, the insured, to operate the automobile of which she was the record owner, which authority if it existed arose from the permissive authority granted to Oscar Hunkler as there is convincing evidence she did not delegate express authority to him.

The provisions of the insurance policy, with which the parties and their respective counsel are acquainted, cover and protect the named insured "and except where specifically stated to the contrary any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured". However "the insurance with respect to any other person or organization other than the named insured does not apply".

Defendant State Automobile Insurance Company issued such policy of insurance to Florence Hunkler under authority of §6298-7 GC, which provides:—

" 'Motor Vehicle Liability Policy', * * * shall either designate, by explicit description or other adequate reference, all motor vehicles with respect to which coverage is intended to be granted by said policy, and shall insure the insured named therein and any other person using or responsible for the use of any such motor vehicle with the consent, express or implied, of such insured, against loss from the liability imposed by law upon such insured or upon such other person for injury to or death of any person * * *."

Oscar Hunkler was not the authorized agent of Florence Hunkler simply because he was her husband. There is no presumption of his authority to act for her, and by virtue

of the marital relationship alone he had no inherent or original power to act as her agent. He was not her agent unless she constituted him such by express or implied authority. His agency must be proven by evidence as any other fact is proved. However his authority to act for her may be implied, as in other agencies, by acts and conduct, but in order to bind her by his acts his authorization must be express, implied or subsequently ratified by her. See 21 O. Jur. page 419, section 107. See also 76 Oh Ap 327.

"The ordinary rule", as stated by Appleman on Insurance, Volume 7, page 157, is "that the bailee of an automobile, having possession with the permission of the named insured, cannot validly permit a third person to operate the vehicle so as to bring such third person within the policy protection; such person occupying the same position as would a volunteer or intermeddler; although it is generally added that the bailee does not divest himself of the policy protection or take himself out of the policy terms by this unauthorized act, if he be held liable in damages for the operation of such third person."

David Crawford is not an additional insured under the omnibus clause of such insurance policy as is Oscar Hunkler, who had direct permission from Florence Hunkler, the named insured in such insurance policy. See Locke v General Accident Fire and Life Assurance Corporation, 279 N. W. 55.

The omnibus coverage clause of such insurance policy gave Florence Hunkler, the named insured, discretionary power to select additional insureds, but she could not delegate such discretionary power to Oscar Hunkler, who through Pack authorized Crawford to drive her car at the time it collided with plaintiff's tractor. See Card v Commercial Casualty Insurance Co., 95 S. W. (2d) 1281.

While Florence Hunkler could signify her permission to use the insured automobile by a course of conduct, or her mere silence, to bring David Crawford within the omnibus clause of the insurance policy, such implied permission must have been by act or conduct of Florence Hunkler, the named insured, and must have amounted to her intended selection of him as such driver. See Card v Commercial Casualty Insurance Co., supra.

Oscar Hunkler, the original permittee of Florence Hunkler to use the insured car, could have delegated his permission to use such car to either Pack or Crawford so as to bring

the use of the automobile by them within the protection of the insurance policy issued by defendant State Automobile Mutual Insurance Company if Florence Hunkler had given him express permission to make such delegation, but not otherwise. See 160 A. L. R. 1205-1206.

"The original permittee who has been given permission to use the car cannot, according to the great weight of authority, delegate this authority to the second permittee so as to bring the use of the car by that person within the protection of the policy where the initial permission is silent as to the question of delegation of authority." 160 A. L. R. supra.

In the state of the record in this case in order to bring David Crawford within the policy protection we conclude that even though Oscar Hunkler was the actual owner of the insured automobile Florence Hunkler alone could have granted David Crawford permission to operate such automobile at the time it collided with plaintiff's tractor, for the reason that under Ohio Registration Laws title to such automobile was vested in her as the record owner, who, as shown by the record, as such did not give Oscar Hunkler express or implied consent to loan such automobile to Pack or Crawford, or to either of them, to drive it.

In our opinion the conclusion reached by the trial judge that the insured automobile "was not being operated at the time of the collision and accident with the permission of the insured, either express or implied," was not prejudicially erroneous to plaintiff.

We have read the reasonably short bill of exceptions submitted to us for review in this case and do not find that the trial judge erred to plaintiff's prejudice in the rejection of testimony offered by plaintiff, nor in saying in his opinion "this is a close case", nor that "the finding of the common pleas court should have been for the plaintiff and not for the defendant", as urged by counsel for the plaintiff .

The judgment of the court of common pleas is affirmed.

CARTER, PJ, NICHOLS, J, concur in judgment.