MAROLT, APPELLEE, *v.* LISITZ; INDEMNITY INS. CO. OF NORTH AMERICA, APPELLANT.

(No. 22570—Decided November 24, 1952.)

*Messrs. Payne, Hermann & Pusti,* for appellee.
*Messrs. Bulkley, Butler & Rini,* for appellant.

THOMPSON, J. This is an appeal on questions of law from a judgment entered in the Municipal Court of Cleveland on a verdict of a jury, finding the defendant insurance company, appellant herein, liable to plaintiff for injuries growing out of an automobile accident.

Plaintiff, appellee herein, originally brought an action for personal injuries and damage to his automobile against one Frances Lisitz who was driving a Buick automobile at East 9th street and Superior

avenue in the city of Cleveland, and, also, against one Bennie Klein, the record owner of the automobile. An answer was filed by the defendant Bennie Klein denying liability. No answer was filed by the defendant Lisitz, although service of summons had been obtained upon her. On July 28, 1950, after plaintiff had dismissed his action against the defendant Klein the case came on for hearing against the driver of the automobile, Frances Lisitz, and default judgment for $4,400 was entered against her by the trial court.

Subsequently, on October 30, 1950, plaintiff filed a supplemental petition, under favor of Section 9510-4, General Code, naming the Indemnity Insurance Company of North America as a new party defendant on the theory that the insurance policy of the owner, Klein, under the omnibus clause, extended coverage to the driver, Frances Lisitz, thereby making the insurance company liable to plaintiff in the amount of the judgment obtained by plaintiff against her.

The omnibus clause in question reads as follows:

"The insured includes the named insured and also any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile was by the named insured, or with his permission."

The answer of the insurance company admitted issuance of a policy of insurance to Klein, admitted that plaintiff had recovered a judgment against defendant Frances Lisitz, and denied that the latter was at the time operating a Buick automobile owned by Klein with the consent, express or implied, of the latter.

The case came on for hearing before a jury on the issues raised by the supplemental petition. To prove his case, plaintiff called three witnesses. The first was Ritchie, a member of the Cleveland police department on April 14, 1949, the date of the accident. Ritchie testified that when he arrived at the scene of

the accident he saw plaintiff and Frances Lisitz. He ascertained that the license number of the car being driven by her was listed in the name of Bennie Klein. Ritchie testified also that about 20 minutes later a man appeared whom he understood was Bennie Klein. The witness was asked what, if anything, the individual referred to stated and, over the objection of defendant's counsel, the court permitted Ritchie to answer the question as follows:

"He said it was all right for this lady to have the car."

After cross-examination, the court stated that a motion to strike the testimony would be granted unless plaintiff could connect up this testimony with Bennie Klein. It does not appear, however, that this testimony was ever connected up and, on the other hand, there is no evidence in the record that the trial court subsequently instructed the jury to disregard it. As we view the evidence, it was in any event inadmissible.

The second witness, Ward, was also a police officer who was called to the scene of the accident. He saw both drivers and a third person who identified himself as Mr. Klein. Ward testified with respect to the latter:

"I asked him if he owned the car * * * and he said, 'yes,' and that he had given her permission to drive."

Although objected to by defendant, the court permitted this evidence to stand. Ward further testified that Mr. Klein was "kind of short and of stocky build."

The third witness was plaintiff's attorney, who testified that Mr. Klein, whom he had seen personally in court, was a person of short, stocky build.

Plaintiff rested at this point and defendant moved for a directed verdict, which was overruled. Thereupon the insurance company, as a part of its defense, read the deposition of Benny Klein. Mr. Klein testified that on April 14, 1949, he was the owner of a

Buick automobile and that prior to that date he had discussed the sale of the automobile with a man by the name of Marty Lisitz. Klein said he was buying a new car and was going to sell his Buick and that Lisitz inquired, "Why not sell it to me?" Klein stated that he therefore loaned Lisitz the car for a tryout. Klein testified upon that point specifically as follows:

"I turned the key over to him and I also had my man there and I says, 'There is the key, Jack. If he delivers the money that's his car. If he hasn't got the money, take the car back.' "

Klein was unable from memory to give the date when he thus turned over the car to Lisitz. Klein stated also that he knew a woman by the name of Frances Lisitz and had seen her two or three times in the restaurant of Martin Lisitz. Klein was then asked the specific question: "When you turned over the keys of the car to Martin Lisitz, did you tell him who could drive the car?" The answer was "No." On cross-examination Klein stated also that he was out of town when the accident happened, that he did not go to the scene of the accident, and that he did not talk to any policeman investigating the accident.

The defendant's counsel, upon redirect examination of Klein, asked him whether he had at any time authorized Frances Lisitz to drive the car. The answer was, "never." Klein said also that he did not talk to Marty Lisitz as to any limitation on the use of the car, the testimony in this respect being as follows:

"Q. You didn't tell him whether he could loan it to anyone or not? A. I didn't expect him to. I just wanted him to try it out.

"Q. You didn't talk to him about it? A. No."

Defendant called one other witness, who merely gave a description of Klein. Thereupon, defendant rested and renewed its motion for a directed verdict, which was overruled by the court. The court then charged

the jury, and a verdict was returned in favor of plaintiff against the insurance company. The trial judge rendered judgment against the insurance company in accordance with the verdict. A motion for a new trial on the part of defendant was overruled.

Since examination causes us to believe that the judgment of the trial court must be reversed, we shall not take up all the assignments of error urged by defendant, contenting ourselves with a discussion of two grounds of error urged which seem determinative of the case. The first of these urged errors pertains to the admission in evidence by the trial court of testimony of the two police officers over the objection of defendant. Each testified to the declaration of a late arrival at the scene of accident that it was ''all right for this lady to have the car.'' This testimony was hearsay and, therefore, was not admissible in evidence regardless of whether made by Klein or by some other spectator. It was not properly an item for consideration by the jury in their determination of whether or not Frances Lisitz was driving with the consent of Klein. Whoever made the statement, it was not made by a party to the case, the action having been previously dismissed as to Klein, and, therefore, it was not admissible as an admission against interest. It was likewise not admissible as a part of the *res gestae*, or under any other recognized exception to the hearsay rule. Its admission constituted prejudicial error so far as defendant was concerned for, without it, there was no evidence by plaintiff showing the consent, direct or indirect, of Klein to the operation of his automobile by Frances Lisitz.

The other assigned error we deem it essential to discuss is that involving defendant's motion for a directed verdict at the conclusion of all the evidence. By accepting the ruling of the trial court on defendant's motion for a directed verdict at the close of

plaintiff's case and proceeding with its defense, defendant waived its right to rely on the motion. *In re Estate of Robinson*, 145 Ohio St., 55, 60 N. E. (2d), 615; 39 Ohio Jurisprudence, 872, "Trial," Section 216.

We have properly before us, however, the defendant's motion for a directed verdict at the conclusion of all the testimony. We have said that the hearsay testimony offered by plaintiff, through the police officers, concerning permission of Frances Lisitz to drive the car was not properly admissible in evidence and that there was, therefore, no competent testimony of any kind introduced by plaintiff that Frances Lisitz was operating the automobile at the time of the accident with the consent of the owner or of his permittee. Was that lack in the testimony supplied by the evidence offered by defendant? Clearly not. The testimony of owner, Benny Klein, offered by defendant, was that he gave Martin Lisitz the right to try out the car and to buy it if he saw fit. At the same time, Klein stated categorically that he had never authorized Frances Lisitz to drive the car. On this state of the record, and in view of the unavailability of Frances at the trial and the failure of either side to subpoena Martin Lisitz, there was no evidence presented as to the circumstances under which she was driving the car. Such evidence is essential in view of the Ohio cases and particularly the recent case of *Gulla* v. *Reynolds*, 151 Ohio St., 147, 85 N. E. (2d), 116. In the latter case, it was emphasized that even where permission to use an automobile is granted by the insured, the actual use by the permittee must be within the terms of the original purpose for which the consent was given.

Martin Lisitz, as bailee of the vehicle, had broad authority for its use, and circumstances can readily be imagined under which the coverage of the policy extended to Martin might embrace and protect some-

one authorized by him to operate the car. Such a case, in fact, was *Brown, a Minor, v. Kennedy,* 141 Ohio St., 457, 48 N. E. (2d), 857, where the insured owner granted permission to his daughter, Dorothy, to use his automobile to go back and forth to college and she, in so doing, entrusted the wheel to her boy friend, Bennett. The Supreme Court of Ohio held that the omnibus clause was broad enough to include Bennett, but the court was careful to point out that the actual use of the car was in the furtherance of the daughter's purposes when the accident occurred. In being transported to school, she was using the car as effectively as if she had been at the wheel at the time of the accident. In emphasizing this point, the court declared in the opinion: "Had the evidence disclosed that Bennett White was driving alone on some mission of his own a different situation would be presented."

In the instant case, we have evidence that Frances Lisitz was driving the automobile bailed by Klein to Martin Lisitz, but not one scintilla of evidence disclosed that she was operating it with the consent either of the permittee or of the owner. There is no evidence as to whether Frances was related to Martin. Whether she was engaged in the furtherance of the general purposes of Martin Lisitz at the time of the accident, or whether she was an intermeddler, driving the car without his permission or contrary to his orders, is pure speculation.

In 7 Appelman Insurance Law and Practice (1942), 133, Section 4354, in a discussion of the conventional omnibus clause of automobile liability insurance policies such as we are here confronted with, the author states:

"An omnibus clause creates liability insurance not only for the benefit of the named insured, but also for the benefit of those who come under the clause and meet its requirements; or, in other words, it does not

afford additional protection to the owner, but extends protection to third persons operating the vehicle with the insured's consent. *Of course, the necessary relationship between the additional insured and the owner must appear in order to bring such person within the protection of the contract.*'' (Emphasis added.)

What we are here venturing to suggest is that plaintiff in this case, in order to recover against the insurance company, was required as an essential ingredient of his claim to establish that he came within the protection of the omnibus clause of the policy and this he could only do by showing that Frances Lisitz was covered because she had permission to drive the car from someone having authority to grant it, *i. e.*, either the owner, Klein, or the bailee, Martin Lisitz. *Soukup* v. *Halmel* (1934), 357 Ill., 576, 192 N. E., 557. See, also, 7 Appelman Insurance Law and Practice, 185, Section 4371, declaring that, in a suit to recover for injuries inflicted by one alleged to be an additional insured under the omnibus clause of an insurance policy, plaintiff has the burden of proving that permission actually existed under the facts and circumstances of the case. Failure to prove that the bailee either had authority to delegate permission from his wife or that the driver was fulfilling the bailee's purpose appears to us to be adequate explanation of the decision in *Fox* v. *Crawford* (Ohio App.), 50 Ohio Law Abs., 553, 80 N. E. (2d), 187. For a valuable annotation on the general subject, and a collection of authorities, we refer to 5 A. L. R. (2d), 600, the annotation being entitled, ''Automobile liability insurance: Permission or consent to employee's use of car within meaning of omnibus coverage clause,'' and particularly to Section 26, on page 666, relating to burden of proof, and cases there cited. The Ohio case mentioned, *Kazdan* v. *Stein*, 26 Ohio App., 455, 160 N. E., 506 (affirmed, 118 Ohio St., 217, 160 N. E., 704), is a decision of this court.

That the burden of proof in such instance is on plaintiff, see, likewise, *Bailey* v. *Weaver*, 67 Ohio App., 259, 35 N. E. (2d), 1006. The matter of requiring plaintiff to prove the essential elements of his case is entirely different from the question of the burden of proof in connection with an affirmative defense pleaded in the answer of an insurance company denying liability under the terms of the policy, for example, lack of co-operation by the assured. In such circumstances, the burden of proof must be met by the insurance company. *Ermakora* v. *Daillakis,* 90 Ohio App., 453, 107 N. E. (2d), 392.

For the reasons indicated, we hold that the trial court committed prejudicial error in the admission of testimony which should have been excluded, and that, if properly excluded, there would have been no evidence to sustain the verdict of the jury, and that the court likewise committed error in overruling defendant's motion for a directed verdict at the close of all the testimony.

The judgment of the trial court is reversed and final judgment is rendered for defendant.

*Judgment reversed.*

SKEEL, P. J., and HURD, J., concur.

(Decided December 15, 1952.)

ON APPLICATION for rehearing.

*Per Curiam.* Plaintiff has filed an application for rehearing, with brief, in which he argues that there is a rebuttable presumption that Frances Lisitz was operating the automobile at the time of the accident in question with the consent of Klein, the owner.

*Bailey* v. *Weaver*, 67 Ohio App., 259, 35 N. E. (2d), 1006.

In the instant case, as in the *Bailey case*, the rebuttable presumption was completely overcome by substantial evidence to the contrary. Through his deposition, Klein, the owner, testified, *inter alia*, that he was out of town at the time the accident occurred, that he did not go to the scene of the accident, and that he did not talk to any policemen investigating the accident. He testified further that he never authorized Frances Lisitz to operate his automobile.

The plaintiff repeats arguments previously presented that the testimony of the policemen, given in connection with their investigation of the accident after it had occurred, was not hearsay and was competent as admissions against interest both against the owner, Klein, and the substituted defendant insurance company. We believe this proposition was fully covered in the opinion filed herein on November 24, 1952.

To repeat, it is our view that inasmuch as Klein was not a party defendant, having been dismissed from the action by plaintiff prior to taking a default judgment against Frances Lisitz, the operator of the automobile, the statements of the policemen were not competent as admissions against interest either as against Klein or the defendant insurance company.

For the reasons stated, we adhere to the decision heretofore entered herein, and the application for rehearing is denied.

*Application denied.*

SKEEL, P. J., and HURD, J., concur.
KOVACHY, J., not participating.