Taft, J.,
dissenting. This action pursuant to Section 3929.06, Revised Code, was brought against the defendant insurance company and against Cox, who was driving the automobile that injured the plaintiff. It is not claimed that the insurer ever issued a policy to Cox. Plaintiff’s action is based upon a policy issued by defendant insurer to Howe. Plaintiff never sued Howe and Howe is not a party to this action.
In order to prevail, it is essential for plaintiff to establish that the driver Cox, to use the words of Section 3929.06, Revised Code, “was insured” by defendant insurer. In order to do this, plaintiff sought to establish that he came within the “definition of insured” found in the policy which defendant insurer issued to Howe. That definition reads, so far as pertinent:
“* * # The unqualified word ‘insured’ includes the named insured [Howe to whom the policy was issued] and also includes any person while using the automobile * * * provided the actual use of the automobile is by the named insured or with his permission.”
Thus, the burden of proof was on plaintiff to prove that, at the time of plaintiff’s injury, “the actual use” of Howe’s automobile by the driver Cox was with Howe’s “permission.” Gulla v. Reynolds, 151 Ohio St., 147, 85 N. E. (2d), 116.
Howe testified that he never allowed Cox to drive his car except on September 12, 1952; that on that day, after Cox left Howe at his place of employment at about 8 a. m., Cox only had Howe’s permission to drive the car in taking Mrs. Howe home and in picking up Howe at 4:30 p. m. Plaintiff was injured between 12 and 1:00, long after Cox had taken Mrs. Howe home and long ■ before Cox could reasonably have believed it was time to start to pick Howe up. On those facts, the court either would have had to find as a matter of law *385 that Cox was not an “insured” under Howe’s policy or it would have had to disregard Gulla v. Reynolds, supra (151 Ohio St., 147).
There is no other evidence as to whether Howe did or did not give Cox any permission to drive, except the negative hearsay testimony of plaintiff’s father and mother that Howe at one time said to them that Cox had Howe’s permission to drive at the time of the accident. This hearsay testimony was admitted by the trial court over defendant’s objection solely for the purpose of impeaching the positive testimony of Howe that Cox had no permission to drive at the time of plaintiff’s injuries.
As stated in the syllabus of Kazdan v. Stein, 118 Ohio St., 217, 160 N. E., 704:
“Evidence which generally and categorically denies the existence of a fact may be so discredited or may so discredit, itself as to destroy its probative value; but no degree of discredit which does not of itself amount to affirmative proof of such fact, will afford a foundation upon which to base an inference that the fact exists.”
If we assume that the foregoing hearsay testimony as to the statements of Howe (who is not a party to the case), which was admissible and admitted only to impeach Howe’s testimony, might completely destroy his affirmative testimony that he gave Cox no permission to drive, there would still be no evidence tending to prove such permission, and, for that reason as defendant contended when it made its motion to direct a verdict, the trial court should have granted that motion.
As for the other reason for a directed verdict advanced by defendant when it made its motion therefor, it is apparent that what Cox did was completely the opposite of the co-operation and assistance required by the policy provisions. In requiring that “the insured shall co-operate,” etc., the policy uses the word “insured” without qualification. Since plaintiff’s rights are wholly dependent upon the rights of the driver Cox against the defendant insurer and since Cox admittedly did nothing to comply with the provisions of the policy requiring his cooperation and assistance as a condition precedent to any liability of the insurer to him (Conold v. Stern, 138 Ohio St., 352, 35 N. E. [2d], 133, 137 A. L. R., 1003), I cannot comprehend how *386 any judgment can be rendered for plaintiff against defendant insurer in tbe instant case.
Also, it does not appear to me that there is even a scintilla of evidence of any co-operation by Howe.
Although paragraph two of the syllabus standing alone probably is a correct statement of the law, it can have no application to a case such as this where all the evidence establishes affirmatively that neither the driver Cox nor the named insured Howe co-operated or did anything to assist the defendant insurer. Luntz et al., Exrs., v. Stern, 135 Ohio St., 225, 20 N. E. (2d), 241.
Stewart and Herbert, JJ., concur in the foregoing dissenting opinion.