LARCAMP, PLAINTIFF, *v.* BADGLEY ET, DEFENDANT.

No. 128230. Decided September 17, 1962.

*Mr. Walter J. Wolske, Jr.*, for plaintiff.
*Messrs. Power, Griffith & Jones*, for defendant.

TROOP, J.   Following oral hearing and subsequent review of the cited cases, particularly *Marolt* v. *Lisitz*, 94 Ohio App., 298, motion of defendant, Beacon, for a new trial is on for decision.

To repeat matter contained in the written decision of the Court entered July 2, 1962, is unnecessary. Reference is to that decision in connection with this ruling.

Upon oral hearing counsel for defendant, Beacon, called attention to the *Marolt case* as one bearing upon the problem here considered. The Court in the *Marolt case* (page 303) refers to the *Gulla case* as a basis for its decision. It should be noted that both the *Gulla case* and the *Marolt case* involve regular automobile policies containing so-called omnibus clauses, whereas the *DeCant case*, decided later in time than both of these cases, involves a garage liability policy. The matter of transfer of title is also a factor in the garage liability policy cases such as the *DeCant case*.

The language of the pertinent clauses in the two types of policies is similar but not identical. In an automobile owners policy the common language in the omnibus clause says, "Any person while using *the* automobile." The typical clause in the

garage liability policy says, "Any person while using *an* automobile;" our italicizing emphasizes the distinguishing words. In the one instance only one automobile is covered by the policy. The owner of the car delivers it to an agent or a bailee for limited and restricted uses and purposes. Strict compliance with the terms of the bailment or use within the limits of defined authority is the rule announced by the *Gulla* and *Marolt cases.* (See the opinion of the court at page 305 of the *Marolt case.*)

In contrast is the garage liability policy. It contemplates the coverage of many vehicles which may be stored, repaired, demonstrated, inspected, tried out and offered for sale. Covered by the policy is "an" automobile used with permission and in the course of the insured's business. Doubtless, the premium costs will not be the same.

The *DeCant case* is controlling. It is almost on all fours with our case. The *DeCant case* is distinguishable from the *Gulla* and *Marolt cases.*

Motion of the defendant, Beacon, for a new trial is overruled.