**Nationwide Mutual Insurance Co.
v. Travelers Indemnity Co.**

*Kristine F. Hughey,* for petitioners.
*P. James Toolan,* for respondents.

SMITH, *J.,* October 31, 1985—We heard argument on this case on September 16, 1985. Petitioners seek attorney's fees and reimbursement for $3,800 paid in a property-damages settlement. The questions presented are: (1) Whether respondent Travelers Indemnity Company had a duty to defend petitioner Richard Irwin (where he had been given permission to drive the car insured by Travelers) in the two separate lawsuits brought against Irwin; (2) If Travelers did have such a duty, is it liable for attorney's fees petitioners here incurred bringing this litigation; and (3) Was Richard Irwin within the scope of his permission, under the omnibus clause of Traveler's insurance policy when he made a 30-mile detour while driving to a local gas station, so that petitioners are entitled to reimbursement on the claim for property damage?

## FINDINGS OF FACT

1. Petitioner Nationwide Mutual Insurance Company (hereinafter Nationwide) is an insurance

company duly organized under the laws of the State of Ohio, with its principal place of business in Harrisburg, Pa.

2. Petitioner Richard Irwin (Irwin) is an adult individual whose last known place of residence is West Chester, Pa.

3. Respondent Travelers Indemnity Company (Travelers) is an insurance company duly organized under the laws of the State of Connecticut, with a principal place of business in Reading, Pa.

4. Respondent Anthony McDonald (McDonald) is an adult individual and resident of Chester County, Pa., with a mailing address of P.O. Box 22, Coatesville, Pa.

5. Respondent Clair A. Sawmiller (Sawmiller) is an adult individual and resident of York County, Pa., with a mailing address of R.D. no. 5, P.O. Box 122, Red Lion, Pa.

6. Respondent Red Lion Bus Company (Red Lion) is a business corporation duly organized under the laws of the Commonwealth of Pennsylvania with a principal place of business in Red Lion, Pa.

7. Pursuant to §7540 of the Declaratory Judgments Act, 42 Pa.C.S. §7531 et seq., the above-named respondents have been made parties to the instant action because they have or claim an interest which would be affected by any declaration made by this court.

8. On August 5, 1978, at or about 10:15 p.m., a 1971 Javelin automobile owned by McDonald was involved in a motor vehicle accident with a bus owned by Red Lion at the intersection of Routes 41 and 372, Atglen, Chester County, Pa.

9. At the time of the accident in question, the vehicle owned by McDonald, a Travelers insured, was being operated by Irwin, a Nationwide insured, and

the bus owned by Red Lion Bus Company was being operated by Sawmiller.

10. Prior to the accident, on August 5, 1978, McDonald gave Irwin permission to operate his vehicle for the purpose of taking it to a Coatesville service station.

11. Irwin thereafter took possession and control of the vehicle at McDonald's residence in Coatesville, Caln Township, Chester County, Pa., and drove away with McDonald's permission. Irwin continued to maintain possession and control of McDonald's vehicle until the time of the accident in question.

12. At or around 10:00 p.m. on August 5, 1978, McDonald received a telephone call from Irwin, wherein Irwin advised McDonald that he was in Atglen, Chester County, Pa.

13. During the course of the conversation between McDonald and Irwin, McDonald told Irwin to bring the vehicle right back to him in Coatesville.

14. Following the conversation, the McDonald vehicle was involved in the accident with the bus operated by Sawmiller, as described above.

15. Prior to this accident, McDonald had permitted Irwin to use the McDonald vehicle on many occasions.

16. A claim for personal injuries was filed by Sawmiller against Irwin and McDonald at no. 42 August term 1980, Chester County, Pa.

17. A claim for property damage was filed by Red Lion Bus Company against Irwin at no. 16 August term 1980, Chester County, Pa.

18. Nationwide undertook the defense of Irwin, but asked Travelers to assume the defense of Irwin in both actions described above. Travelers refused to assume Irwin's defense, claiming non-permissive use.

19. Nationwide incurred attorney's fees, costs and expenses in the total amount of $5,057.31 for both actions.

20. Sawmiller settled her personal-injury claim by accepting the policy limits on both the Nationwide and Travelers policies and the case has been marked settled as of September 27, 1982.

21. Red Lion settled its claim for property damage for the sum of $7,683.56. Nationwide, on behalf of Irwin, contributed $3,799.28 toward settlement. That case was marked settled on December 8, 1982.

22. Nationwide and Travelers agreed, prior to settlement of both actions, that the contributions to settlement in no way constituted admissions of coverage responsibility in either or both actions, nor did such contribution act as a waiver of any rights, obligations or claims either carrier might assert in the instant declaratory judgment action.

23. Nationwide has incurred attorney's fees, costs and expenses in the amount of $800 in bringing this action.

## DISCUSSION

### I. Travelers' Duty to Defend

The first issue presented is whether Travelers should have assumed the defense of petitioner Richard Irwin in the action for personal injuries and property damage.

In the usual automobile insurance policy, the insurer agrees to defend the insured against any suits arising under the policy, even if such suit is groundless, false or fraudulent. Since the insurer thus agrees to relieve the insured of the burden of defending even those suits which have no basis in fact, the obligation to defend arises whenever the complaint filed by the injured party may *potentially* come within the coverage of the policy. *Consequent-*

*ly, there may be an obligation to defend although there is no obligation to indemnify.* A refusal without good cause to defend breaches this obligation and gives rise to a cause of action regardless of the good faith of the insurer. Gedeon v. State Farm Mutual Insurance Co., 410 Pa. 55, 188 A.2d 320 (1963); Seaboard Industries, Inc. v. Monaco, 258 Pa. Super. 170, 392 A.2d 738 (1978).

In Cadwallader v. New Amsterdam Casualty Co., 396 Pa. 582, 152 A.2d 484 (1959), plaintiff, an attorney, sued his malpractice insurance carrier for failing to defend him in a suit brought by another attorney. The original suit was based on Cadwallader's mishandling of funds in his client's escrow account. The insurance carrier refused to defend, saying that intentional misconduct was not covered by the policy. The Pennsylvania Supreme Court disagreed, as the violation or the escrow agreement could have been based on negligence, rather than intentional misconduct: When "the complaint comprehends an injury which may be within the policy . . ., the promise to defend includes it." Cadwallader, supra, at 590, 152 A.2d at 488.

In Seaboard Industries, Inc. v. Monaco, supra, suit was brought against Monaco, alleging fraudulent conspiracy. The complaint was amended with two paragraphs averring negligence, but notice of the amendment was not forwarded to Monaco's insurance carrier, Continental Casualty Company, until two years later. In the meantime Continental did not defend Monaco, as its insurance policy covered only negligent, not fraudulent acts. The court agreed that Continental had no duty to defend, as the cause of action on the complaint was specifically excluded from the policy's coverage. The court said the amendment was of no consequence, as the averments in negligence appeared within a count in

fraud, and, besides, the amendment was tardily forwarded to the insurer.

In the case before us, Anthony McDonald had given Irwin permission to use the car, although it was for a limited purpose. As such, Irwin was an insured under Travelers' policy, which defines an insured as "you, any relative or anyone else using your car if the use is (or is reasonably believed to be) with your permission . . . ." Thus, the suits against Irwin were potentially within the coverage of the policy. As Travelers did not defend Irwin, it breached its duty, and is therefore liable for the cost of hiring substitute counsel and other costs of the defense. Gedeon v. State Farm Mutual Automobile Insurance Co., supra.

The fact that we decide today that Travelers is not obligated to indemnify petitioners is irrelevant. Respondents argue that as Irwin went beyond the scope of his permission, he was potentially outside the coverage of the omnibus clause. Although this is true, the standard for an insurer's duty to defend is that one "may potentially come within the coverage," not "must come within the coverage." Hence, respondent's denial was a breach of its duty.

## II. Recovery of Attorney's Fees Incurred in This Action

Petitioner has also requested attorney's fees incurred in bringing this suit. Our Superior Court has addressed the issue of whether an insurance company that has breached its duty to defend must pay the counsel fees of the insured in the action to recover damages for the breach of contract. It held that an unreasonable denial of a defense will entitle the insured to these fees. It quoted Appleman:

"[The general rule that a litigant is to bear his own attorney's fees] still appears to be unfair to the

insured. After all, the insurer had contracted to defend the insured, and it failed to do so. It guessed wrong as to its duty, and should be compelled to bear the consequences thereof. If the [general] rule . . . should be followed . . ., it would actually amount to permitting the insurer to do by indirection that which it could not do directly. That is, the insured has a contract right to have actions against him defended by the insurer, at its expense. If the insurer can force him into a declaratory judgment proceeding and, even though it loses in such action, compel him to bear the expense of such litigation, the insured is actually no better off financially than if he had never had the contract right mentioned above . . . ." 7 C.J. Appleman, Insurance Law & Practice §4691 (Berdal Ed. 1979), quoted in Kelmo Enterprises, Inc. v. Commercial Union Insurance Co., 285 Pa. Super. 13, 426 A.2d 680 (1981). Thus, petitioners are entitled to the $5,057.31 in attorney's fees incurred in the underlying suit, and to $800 in attorney's fees incurred in bringing this action.

### III. Applicability of Omnibus Clause: Scope of McDonald's Permission

Finally, we must decide whether Irwin is actually (as opposed to potentially) covered by the omnibus clause. We must decide whether Irwin's journey back from Atglen after speaking with McDonald on the telephone was beyond the permission given by McDonald.

Slight and inconsequential deviations from the authorized use will not annul the coverage of an omnibus clause in an insurance policy. But if the car is driven at a time or place or for a purpose not authorized by the owner, then there is no permission, and hence, no coverage. Aetna Casualty &

Surety Co. v. De Maison, 213 F.2d 826 (3rd Cir. 1954); United States Fidelity and Guaranty Company v. Bilyi, 164 F.Supp. 343 (E.D., Pa. 1958); Freshkorn v. Marietta, 345 Pa. 416, 29 A.2d 15 (1942); Laroche v. Farm Bureau Mutual Automobile Insurance Co., 335 Pa. 478, 7 A.2d 361 (1939).

In Freshkorn v. Marietta, supra, Paul Marietta was given permission from Joseph Fash to drive Fash's car to Freedom, Pa., two and one-half miles from Rochester. Marietta drove seven and one-half miles beyond Freedom to Ambridge. On his return from Ambridge, he collided with another car. The court held that he travelled to Ambridge without permission. The court also noted that it was irrelevant that the accident occurred as Marietta was returning from Ambridge. Id. at 419-420, 29 A.2d at 17.

In Larouch v. Farm Bureau Mutual Automobile Insurance Co., supra, George Grove asked his brother, Benjamin, if he might use the latter's car the next day to go to Washington, Pa. Benjamin consented. George Grove drove to Washington and back, and then went on a 30-mile journey. While returning from this drive, he collided with an automobile carrying plaintiff. The court held that as Grove began a new journey, covering a comparatively long distance in a different direction and for a different purpose, he was not within the bounds of the permission given. See also United States Fidelity and Guaranty Company, supra (where driver, upon getting permission to drive to repair shop, then went to visit friends and, while returning, had an accident, court held he acted without permission).

In the case before us, Irwin was given permission to drive the car from McDonald's residence in

Coatesville to a service station several blocks away in order to pump up the tires. Several hours later, Irwin called McDonald from Atglen, a town 15 miles away. McDonald ordered Irwin to return immediately. On his way back, Irwin collided with the Red Lion Bus.

Irwin was clearly beyond the permission given to him by McDonald, as he went a comparatively long distance and in a different direction for an excessive amount of time and, apparently, for a purpose other than pumping up the tires.

Petitioner argues McDonald's order to bring the car back was an expansion of his permission, so that the entire return trip was authorized. This contention lacks merit. To permit any response, either silent or expressed, to become an extension of the authorization of use would deny the owner all control over his car. A driver need only drive to his desired destination, regardless of the original instructions of the owner, and then call the owner and obtain extended permission.

Rather, Mr. McDonald's stern command was merely an expression of outrage that his trust had been betrayed. Rather than extending this trust, McDonald emphasized that permission no longer was extended, and that he wanted to regain possession. Thus, as the accident occurred while Irwin was without permission, Travelers is not obliged to indemnify petitioners.

## CONCLUSIONS OF LAW

1. This court has jurisdiction over the parties and the subject matter.

2. Travelers was under a duty to defend Irwin in the two lawsuits against him.

3. Travelers breached that duty to defend.

4. Petitioners Nationwide Mutual Insurance Company and Richard Irwin, as a result of that breach, incurred attorney's fees in the amount of $5,057.31 for the underlying suit and $800 in bringing this declaratory-judgment action.

5. Richard Irwin was acting beyond the bounds of the permission given him to drive McDonald's car when the accident with the Red Lion Bus occurred and, thus, was not an "insured" within the meaning of the Travelers Automobile Insurance Policy on McDonald's car.

### ORDER

And now, this October 31, 1985, on the claim for attorney's fees, we find in favor of petitioners and against respondent in the amount of $5,857.31. On the claim for indemnification, we find in favor of respondent and against petitioners in no amount.