## Progressive Northern Insurance Co. v. Yudell

C.P. of Dauphin County, no. 4513 S 1999.

*James Nealon III,* for plaintiff.
*Daryl J. Gerber,* for defendant Webber.
*Timothy Shollenberger* and *Ronald S. Chima,* for defendants Jones.
*Christopher M. DeMarco,* for defendant Kelbaugh.
*Stephen M. Greecher,* for defendant DiNunzio.

HOOVER, *J.,* July 19, 2001—This declaratory judgment action, pursuant to Declaratory Judgment Act, 42 Pa.C.S. §7531 et seq., arises out of a claim for liability coverage. Plaintiff Progressive Northern Insurance Company, avers that driver/defendant Joshua Yudell did not have permission of automobile owner Noel Kelbaugh to use the automobile involved in an accident or, in the alternative, was using the vehicle outside the scope of permission granted by Ms. Kelbaugh. Progressive Northern Insurance Company avers that, therefore, no liability coverage should be provided for the aforesaid accident.

For reasons set forth herein, Progressive's motion for declaratory judgment is granted.

## FACTUAL BACKGROUND

The accident out of which this matter arises occurred on April 18, 1999 at approximately 2:12 a.m. on Route 283, in East Hempfield Township, Lancaster County, Pennsylvania. At that time, Joshua Yudell was operating a vehicle owned by Noel Kelbaugh. The vehicle was loaned to him by Ms. Kelbaugh's fiancé, Ronald Bauman, a frequent driver of the car. The accident occurred as Mr. Yudell traveled east in the westbound lanes of 283 then collided with a vehicle operated by Lisa DiNunzio, and

the vehicle of Thomas Mellot. Both have made claims of injuries arising out of the accident.

At the time of the accident, the Kelbaugh vehicle had no insurance coverage. Mr. Yudell asserts that, under his insurance policy, he is entitled to liability coverage applicable to the Kelbaugh vehicle by virtue of permission granted by the owner Ms. Kelbaugh, and her fiancé, Ronald Bauman. Ms. Kelbaugh acknowledges that Mr. Yudell had permission to use the vehicle, but only to the extent granted to him by Mr. Bauman. Mr. Bauman states that he granted Mr. Yudell permission only to use the vehicle to go to work in York, Pennsylvania, and then drive the vehicle to a college fraternity formal at the Greenfield Holiday Inn. Mr. Bauman has testified in deposition that Mr. Yudell was to park the vehicle and attend the formal. Bauman states that he and Mr. Yudell had an understanding that they would then return home in the vehicle together the next day.

The record reflects that Mr. Yudell drove the vehicle to his job in York, and then proceeded to the formal as expected. However, at the formal, Mr. Yudell became intoxicated. Although he has no recollection of doing so, Mr. Yudell left the formal and traveled on Route 283 in the wrong direction, ultimately colliding with the DiNunzio and Mellot vehicles. His last memories of the events are limited to lying on a couch in a guest room of the Holiday Inn; his next memory is waking up in the hospital after the accident.

The applicable language of the policy at issue provides:

"Subject to the limits of liability, if you pay a premium for bodily injury liability coverage, we will pay

damages, other than punitive or exemplary damages, for bodily injury for which an insured person becomes legally responsible because of an accident arising out of the ownership, maintenance or use of a vehicle." See Progressive policy, page 5.

In defining an "insured person," the policy states:

"(4) You [Yudell] with respect to an accident arising out of the maintenance or use of any vehicle with the express or implied permission of the owner of the vehicle." *Id.* at 6.

This policy, therefore, insures the vehicle at issue, the 1987 Nissan Sentra, and Mr. Yudell, if he operated the vehicle with "express or implied permission of the owner of the vehicle." In order to determine if Mr. Yudell is entitled to coverage under Progressive's policy, we must determine whether he had express or implied permission to use the vehicle. We must then determine whether his use of the vehicle substantially deviated from the scope of permission granted.

We hold that, based on the facts of record, Mr. Yudell's use of the vehicle was a substantial deviation from the scope of express permission to use the vehicle, and therefore, no coverage exists.

Pennsylvania law will allow coverage under the policy language at issue if the driver is able to establish that he had express or implied permission to use the vehicle. However, there is no coverage where there is substantial deviation from permission.

Necessary permission may be in the form of express or implied affirmative consent, through implication from

the relationship of the parties, or the course of conduct in which the parties have mutually acquiesced. *Belas v. Melanovich,* 247 Pa. Super. 313, 324-25, 372 A.2d 478, 485 (1977); see also, *Brower v. Employers' Liability Assurance Company Ltd.,* 318 Pa. 440, 177 A. 826 (1935).

The evidence establishes that Mr. Bauman granted Mr. Yudell permission to use Ms. Kelbaugh's vehicle for the express purpose of traveling to work and to the formal. The record reflects that Mr. Bauman and Mr. Yudell agreed that they would return together in Ms. Kelbaugh's vehicle the next day. Therefore, because express permission was limited to Mr. Yudell driving the vehicle to work and to the formal, he did not have express permission to use the vehicle for any other purpose.

In examining whether Mr. Yudell had implied permission to use the vehicle for other than the expressly granted permission, it is instructive to look to the following framework in order to establish whether a party has implied permission: "the critical question will always be whether the named insured said or did something that warranted the belief that the ensuing use was with his consent. There must be 'a connection made' with the named insured's own conduct; proof of 'acts, circumstances, and facts such as the continued use of the car,' will be insufficient 'unless they attached themselves in some way to the acts' of the named insured." *Belas v. Melanovich,* 247 Pa. Super. 313, 324, 372 A.2d 478, 483 (1977) (quoting *Beatty v. Hoff,* 382 Pa. 173, 177, 114 A.2d 173,174 (1955).

There are no facts to suggest that Mr. Yudell had implied permission to use the vehicle beyond the express purpose allowed. There is no evidence that Mr. Yudell

had any communication with the insured, Ms. Kelbaugh, or that it was Ms. Kelbaugh's intention to give a general consent for him to have free use of the vehicle. There is no evidence that Mr. Yudell was a frequent driver of the vehicle or that he had previously used the car for more than the original intended purpose. Significantly, the evidence does suggest that Mr. Yudell's use of the vehicle was a singular event for which there is no pattern or connection to any other incidents.

Therefore, Mr. Yudell did not have implied permission to use the vehicle as he used it on the night of the accident. He clearly acted outside the scope of the consent granted.

Further, evidence demonstrates that in leaving the hotel and driving a substantial distance while intoxicated, Mr. Yudell substantially deviated from permissive use of the vehicle. Generally, to substantially deviate from permissive use, one must use the vehicle outside the original consent of the owner. In *Freshkorn v. Marietta,* 345 Pa. 416, 29 A.2d 15 (1942), Marietta asked the owner of the vehicle to drive him to Freedom, Pennsylvania. Marietta gained permission to use the vehicle when the owner tossed him the keys, and said, "Here are the keys, you can have the car." Marietta drove the car to Freedom with a friend, dropped off the friend, and then drove to a neighboring town 7 1/2 miles away. An accident occurred on his return, within 2 1/2 miles of Freedom.

The court in *Freshkorn* found that no coverage existed because the driver's extra trip substantially deviated from the scope of permission granted. The *Freshkorn* court stated: " 'slight and inconsequential deviations will not

annul the coverage of the omnibus clause,' but here there was not a slight deviation but a new journey wholly independent from, and additional to, that for which permission was granted, a journey which, after Freedom had been reached, carried on further for a distance of 7 1/2 miles and involved therefore a round trip of some 15 miles more than the 5 mile trip for which the car had been loaned." *Freshkorn,* 345 Pa. at 419-20, 29 A.2d at 17 (quoting *Laroche v. Farm Bureau Mutual Automobile Insurance Company,* 335 Pa. 478, 7 A.2d 361 (1939)). See also, *Hall v. Wilkerson,* 926 F.2d 311 (1991) (coverage in Pennsylvania will be extended if the driver's deviation from the named insured's permission is slight and inconsequential, but coverage is denied if that deviation is substantial).

In the case at bar, Mr. Bauman granted permission for Yudell to use the vehicle to go to work and to the formal so that each would have transportation home together the next day. There was no discussion regarding use of the vehicle after driving it to the formal. Because this was a fraternity formal and imbibing alcoholic beverages could be expected, the objective of having the function at the hotel was to avoid incidents of driving under the influence. Mr. Yudell's use of the vehicle after the formal was a new journey wholly independent from and in addition to that for which permission had been granted. *Freshkorn, supra.* In fact, Mr. Yudell's accident occurred eight miles away as he was apparently returning to the hotel. Therefore, Mr. Yudell's use of the vehicle was a substantial deviation from express consent of the owner.

Therefore, because there was a substantial deviation from the scope of permission, Mr. Yudell did not have

consent by the owners to use the vehicle at the time the accident occurred. Based on the language of the policy, no coverage exists.

Accordingly, plaintiff's motion for declaratory judgment is granted.

## ORDER

And now, July 19, 2001 the motion for declaratory judgment by Progressive Northern Insurance Company is hereby granted.