J-S28034-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| DYLAN PALMER, CORNELIUS ROBINSON, CHERON HERNDON, ROBERT PALMER, CITY OF PHILADELPHIA, TRENT GERBER, CIERRA FREEMAN, ZAIDA ELLIS, A MINOR, BEATRICE CONNOR, AND RAHSAAN MCBRIDE, | : | No. 398 EDA 2021 |
| | : | |
| APPEAL OF: CIERRA FREEMAN | : | |

Appeal from the Order Entered January 11, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 191103332

BEFORE:  BOWES, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:         **FILED OCTOBER 18, 2021**

Cierra Freeman (Freeman) appeals from the order of the Court of Common Pleas of Philadelphia County (trial court) granting summary judgment for State Farm Mutual Automobile Insurance Company (State Farm) in this declaratory judgment action.  After review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

## I.

On May 11, 2019, Dylan Palmer was driving his father's Jeep in Philadelphia when he wrecked into multiple cars; Freeman was one of the persons injured in the accident. Robert Palmer, Dylan Palmer's father, had an automobile liability policy with State Farm. Under the policy, Robert Palmer was the only named insured. As a result, for Dylan Palmer to fall under the policy's definition of an "insured," he had to be either (1) a "resident relative," meaning he lived with his father, or (2) using the car with his father's consent.

On November 25, 2019, State Farm filed an action for declaratory judgment against Dylan Palmer and Robert Palmer; the City of Philadelphia; and those injured in the accident, including Freeman.[1] It sought a declaration that it owed no obligation of defense or indemnity to Dylan Palmer, alleging that Dylan Palmer neither lived with his father nor had permission to use the Jeep at the time of the accident. In support, State Farm claimed that both Dylan Palmer and Robert Palmer gave statements in July 2019 confirming the same. Neither Dylan Palmer nor Robert Palmer, however, answered the

_____

[1] Before State Farm filed its action, two of the other injured persons (Cornelius Robinson and Cheron Herndon) filed an action on July 31, 2019, raising claims of negligence against Dylan Palmer and the City of Philadelphia, and negligent entrustment against Robert Palmer. A year later, on July 28, 2020, another injured person (Beatrice Connor) sued the Palmers and the City of Philadelphia. Finally, on February 17, 2021, Freeman sued both Palmers, the City of the Philadelphia, and two Philadelphia police officers. All three actions were consolidated and remain pending.

complaint. As a result, the trial court entered default judgments against each of them.

After summary judgment against the other defendants was denied as premature, State Farm served requests for admission (RFAs) on Dylan Palmer asking him to admit that he did not live with his father at the time of the accident. Additionally, State Farm asked him to admit that he gave State Farm a statement admitting that he took the keys to his father's Jeep off the hook that his father kept them on and then drove the Jeep without his permission. When Dylan Palmer did not respond, the trial court deemed the RFAs admitted.

Robert Palmer, meanwhile, had the default judgment entered against him opened and answered the complaint and RFAs. In his answer to the complaint, he admitted that his son did not live with him at the time of the accident, and that he gave the July 2019 statement to State Farm that his son did not have permission to use his Jeep. Likewise, Robert Palmer answered the RFAs, admitting that his son did not live with him at the time of accident. Moreover, Robert Palmer admitted that his son did not have permission or consent to use the Jeep on the day of the accident.

State Farm then moved for summary judgment. In arguing there were no issues of material fact, State Farm relied on the facts found admitted by Dylan Palmer's failure to respond to the complaint and the RFAs, as well as Robert Palmer's admissions. State Farm argued that these were binding

judicial admissions establishing that Dylan Palmer was not a "resident relative" under the policy and did not have permission to use his father's Jeep. As a result, according to State Farm, Dylan Palmer could not fall within the policy's definition of an "insured." Freeman filed an answer opposing summary judgment, arguing that the Palmers' admissions are not binding on the parties injured in the accident.

The trial court granted summary judgment and entered a final decree that State Farm owes no obligation of defense or indemnity to Dylan Palmer for any claims asserted against him. After Freeman timely appealed, the trial court explained its reasoning in its Pa.R.A.P. 1925(a) opinion. The trial court distinguished between judicial and evidentiary admissions, the former being conclusive and beyond dispute while the latter may be contradicted. *See* Trial Court Opinion (TCO), 5/26/21, at 6-7. Finding that Dylan Palmer's failure to respond to the RFAs qualified as judicial admissions, the trial court explained:

> State Farm's [RFAs] were deemed admitted after Dylan Palmer failed to answer, pursuant to Pa.R.C.P. 4014. Dylan Palmer did not seek to withdraw or amend his admissions. The judicial admissions established that on May 11, 2019, Dylan Palmer did not reside with Robert Palmer, and that he took the keys to the 2006 Jeep without permission. Without Robert Palmer's permission to use the 2006 Jeep, Dylan Palmer was not covered under the State Farm Policy. Based on the deemed Admissions, State Farm owed no obligation of defense or indemnity to Dylan Palmer.

*Id*. at 8 (record citations omitted).

The trial court found the same for Dylan Palmer's failure to respond to State Farm's complaint:

> Dylan Palmer's failure to respond to State Farm's Complaint resulted in the entry of default judgment, which constitutes an admission to State Farm's averments. The default judgment established that Dylan Palmer was not listed on the State Farm Policy, and that he did not reside with the policy holder. The default judgment also established that Robert Palmer and Dylan Palmer admitted to State Farm that Dylan Palmer did not seek or receive permission to use the 2006 Jeep on May 11, 2019.

*Id*. at 8-9 (record citations omitted).

Finally, the trial court found that Robert Palmer's answers to the complaint and RFAs were judicial admissions that established that his son did not live with him or have permission to use the Jeep. The trial court explained:

> On October 1, 2020, Robert Palmer, filed an Answer to State Farm's Complaint. In his Answer, Robert Palmer admitted that he was the sole named insured on the State Farm Policy for the 2006 Jeep Commander and that Dylan Palmer was not listed on the Policy; that Dylan Palmer was not an owner and had not been given permission to use the Jeep at the time of the accident; and that Dylan Palmer did not reside with Robert Palmer.
>
> Robert Palmer's Answer to State Farm's Complaint offered no evidence to suggest that Dylan Palmer had permission to use his father's Jeep on May 11, 2019, and therefore no genuine issue of material fact remains.

*Id*. at 9.

Freeman filed this timely appeal to challenge the trial court's grant of summary judgment in favor of State Farm.[2]

---

[2] Our standard of review for a trial court's grant or denial of summary judgment is as follows:

> A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or

**II.**

On appeal, Freeman contends that the trial court erred in relying on Dylan Palmer's failure to answer the complaint or RFAs and Robert Palmer's answers to the complaint and RFAs to bind all of the other defendants to evidence in the self-serving documents. In Freeman's view, the trial court erred in concluding that these admissions foreclosed the injured parties of their right to dispute that Dylan Palmer did not have permission to use his father's Jeep. Freeman also contends that State Farm improperly used the

---

abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***Kornfeind v. New Werner Holding Co., Inc.***, 241 A.3d 1212, 1216-17 (Pa. Super. 2020) (citation omitted). In actions for declaratory judgment, just as in civil actions generally, summary judgment is available and is governed by the above standard. ***See Hydropress Envtl. Servs., Inc. v. Twp. of U. Mount Bethel, Cty. Of Northampton***, 836 A.2d 912, 918 (Pa. 2003) (citation omitted).

Declaratory Judgments Act in joining all the defendants so that the admissions would be binding against each of them.

**A.**

Initially, Freeman contends that State Farm improperly brought the declaratory judgment action, not only against the Palmers, but also everyone injured in the accident so that it could rely on Dylan Palmer's admissions by default thereby avoiding the burden of proving that Dylan Palmer did not have permission to use Robert Palmer's Jeep.

First, filing a declaratory judgment action is a proper vehicle to resolve questions of insurance coverage. As we have explained:

> The proper construction of a policy of insurance is resolved as a matter of law in a declaratory judgment action. The Declaratory Judgments Act may be invoked to interpret the obligations of the parties under an insurance contract, including the question of whether an insurer has a duty to defend and/or a duty to indemnify a party making a claim under the policy. Both the duty to defend and the duty to indemnify may be resolved in a declaratory judgment action.

*Erie Ins. Exchange v. Lobenthal*, 114 A.3d 832, 836 (Pa. Super. 2015) (internal citations omitted).

Second, State Farm did not name Freeman in its declaratory judgment action to avoid its burden of proving that Dylan Palmer did not have permission to use the Jeep; it did so because under the Declaratory Judgments

Act,[3] it was required to name Freeman in the action. *See* 42 Pa.C.S. § 7540(a) ("When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."). Accordingly, Freeman's initial claim has no merit.

**B.**

Freeman's main contention is that the trial court erred by treating Dylan Palmer's failure to answer the complaint and RFAs as binding judicial admissions that conclusively established that Dylan Palmer did not have permission to use his father's Jeep. As noted, the trial court emphasized the distinction between judicial and evidentiary admissions in finding that there was no issue of material fact as to Dylan Palmer's lack of permission to use the Jeep. *See* TCO at 5-7.

> [T]here are two types of admissions: evidentiary and judicial. Leonard Packel and Anne Poulin, *Pennsylvania Evidence,* § 805.5 (1987). Evidentiary admissions generally refer to statements made by a party of "certain facts." *Sherman v. Franklin Regional Medical Center*, 443 Pa. Super. 112, 660 A.2d 1370 (1995), *allo. denied,* 543 Pa. 695, 670 A.2d 142 (1995), quoting *Durkin v. Equine Clinics, Inc.,* 376 Pa. Super. 557, 569, 546 A.2d 665, 670 (1988). Judicial admissions are formal admissions which have the effect of withdrawing a fact from issue and dispensing it without the need for proof of the fact. *Durkin.* Judicial admissions are conclusive, whereas evidentiary admissions may always be contradicted or explained.

---

[3] 42 Pa.C.S. §§ 9731-9741.

*Gibbs v. Herman*, 714 A.2d 432, 437 (Pa. Super. 1998) (citation omitted).

"Statements of fact by one party in pleadings, stipulations, testimony, and the like, made for that party's benefit, are termed judicial admissions and are binding on the party." *Coleman v. Wyeth Pharmaceuticals, Inc.*, 6 A.3d 502, 524 (Pa. Super. 2010) (citation omitted). Judicial admissions are automatically considered "true and cannot be contradicted by the admitting party." *Cogley v. Duncan*, 32 A.3d 1288, 1292 (Pa. Super. 2011). Besides pleadings, we have stated that judicial admissions include "a party's failure to respond as required by the pleading rules" and "a party's responses or failure to respond to requests for admissions." *Durkin*, *supra* at 567.

With this in mind, we agree that Freeman was not bound by Dylan Palmer's failure to answer the complaint and RFAs. As we have stated, judicial admissions are binding only on the party that makes them. *See Coleman*, *supra*. A judicial admission by one party, however, does not bind another party in a multiparty matter, and no one in this case has cited any case law to the contrary. One party cannot bind another party to a judicial admission that it did not make. *See Antoniotti v. Eckels*, 840 A.2d 1013, 1017-18 (Pa. Super. 2003) (holding that admissions by default to a joinder complaint filed against an additional defendant were not binding against plaintiff

passengers).[4]  Thus, Freeman was not bound by Dylan Palmer's failure to answer State Farm's complaint or RFAs, even though they could be deemed judicial admissions.

Even though not bound by those admissions, however, Freeman's argument focuses almost entirely on Dylan Palmer and ignores that the trial court's decision was also based on Robert Palmer's admissions.  As discussed, Robert Palmer answered the RFAs and admitted that he never gave Dylan Palmer permission to use the Jeep the day of the accident.  **See** Defendant Robert Palmer's Answers to Plaintiff's RFAs, 9/23/20, at Paragraph 5 (Exhibit F to State Farm's Motion for Summary Judgment filed on November 30, 2020).

Thus, while Robert Palmer's admissions are not binding on Freeman, these admissions were still record evidence that State Farm could assert in its motion for summary judgment that there was no genuine issue as to whether Dylan Palmer had permission.  Indeed, for purposes of ruling on a summary judgment motion, the record consists of the pleadings, depositions, answers to interrogatories, admissions, affidavits and reports of expert witnesses.  **See** Pa.R.C.P. 1035.1.

_____

[4] Similarly, in **Durkin**, we held that a party could not bind another party to admissions made by a third-party witness that it called at the first trial.  **See Durkin**, 546 A.2d at 670-72.  In so holding, we stated that the statement of a third party may be considered the admissions of a party only "if they are bound to that party because of agency, joint or common interest, or having vouched for their credibility and impliedly asserted that fact by calling the third person as a witness."  **Id**. at 670.

**C.**

To defeat summary judgment, Freeman needed to point to evidence in the record controverting the evidence cited in support of State Farm's motion. *See* Pa.R.C.P. 1035.3(a)(1). "[A] non-moving party may not rely merely upon controverted allegations in the pleadings. Rather, the non-moving party must set forth specific facts by way of affidavit, or by some other way as provided by [the Pennsylvania Rules of Civil Procedure], demonstrating that a genuine issue of material fact exists." *Donegal Mut. Ins. Co. v. Fackler*, 835 A.2d 712, 715 (Pa. Super. 2003).

The other way that Freeman attempts to say that there is a material issue of material fact is that Pennsylvania law presumes that a driver of a vehicle does so with the permission of the owner, meaning State Farm needed to adduce evidence that Robert Palmer did not give his son permission to use his Jeep.

Ignoring that Robert Palmer's admission is evidence that he did not give permission, there is no such presumption under Pennsylvania law. Whether a driver is determined to be a permissive user is determined by the facts of a particular case centering on the conduct of the named insured. As we have explained:

> Whether a user of an automobile has the permission necessary to elevate that user to the status of an additional insured depends upon the facts and circumstances of each case in light of the underlying policy language. *See e.g. Federal Kemper Ins. Co. v. Neary*, *supra*, 366 Pa. Super. at 139, 530 A.2d at 931. The owner's permission to use an automobile may either be expressed

- 11 -

or implied. *Id.* "Implied permission may arise from the relationship of the parties or by virtue of a course of conduct in which the parties have mutually acquiesced." *Id.* at 140–41, 530 A.2d at 931 (*citing* **Brower v. Employers' Liability Assurance Co. Ltd.**, *supra*, 318 Pa. at 444, 177 A. at 828; **Esmond v. Liscio**, *supra*, 209 Pa. Super at 206, 224 A.2d at 796). "However, 'permission' requires something more than mere sufferance or tolerance without taking steps to prevent the use of the automobile, *and permission cannot be implied from possession and use of the automobile without the knowledge of the named insured.*" **St. Farm Mut. Ins. Co. v. Judge**, *supra*, 405 Pa. Super. at 381, 592 A.2d at 714; **Federal Kemper Ins. Co. v. Neary**, *supra*, 366 Pa. Super. at 140, 530 A.2d at 931 (quoting Blashfield, *Automobile Law and Practice,* § 315.10 at 608) (emphasis added).

Our focus, then, is not directed to the actions of the ultimate user of the auto, but rather, "whether the *named insured* said or did something that warranted the belief that the ensuing use was with his consent. There must be 'a connection made' with the named insured's own conduct; [mere] proof of 'acts, circumstances, and facts, such as continued use of the car,' will be insufficient 'unless they attach themselves in some way to the acts' of the named insured." *Id.;* **Belas v. Melanovich**, 247 Pa. Super. 313, 324, 372 A.2d 478, 484 (1977) (*quoting* **Beatty v. Hoff**, 382 Pa. 173, 177, 114 A.2d 173, 174 (1955)) (emphasis added).

**Nationwide Mutual Insurance Company v. Cummings**, 652 A.2d 1338, 1344–45 (Pa. Super. 1994).

If there is not a presumption, Freeman argues that there was genuine issue of material fact as to permission because Dylan Palmer operated the Jeep with its keys and Robert Palmer never reported the Jeep stolen. However, as summarized above, permissive use of a vehicle cannot be implied merely from the driver's possession and use of the automobile without the knowledge of the named insured. Freeman has not set forth any facts supported by affidavit or some other record evidence that Robert Palmer

consented to his son driving the Jeep on the day of the accident. In the absence of such, there was nothing to refute Robert Palmer's admissions that Dylan Palmer did not live with him or have permission to use the Jeep.

Accordingly, we hold that the trial court did not err in granting summary judgment and finding that there was no genuine issue of material fact as to Dylan Palmer not having permission to use his father's Jeep and not be covered under the State Farm automobile policy.

Order affirmed.

Judge Dubow joins the memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/2021